# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**ANTONIO FLORES-CRUZ,**

      **Petitioner,**

  **v.**                                **Case No. 26-CV-932**

**DALE J. SCHMIDT, et al.,**

      **Respondents.**

---

## RULE 4 ORDER

---

Antonio Flores-Cruz, who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Dodge County Jail in Juneau, Wisconsin, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Hab. Pet., Docket # 1.) Flores-Cruz has paid the $5 statutory filing fee. (*Id.*) Under Rule 4 of the Rules Governing § 2254 Cases, applicable to § 2241 petitions, *see* Rule 1(b) and Civil Local Rule 9(a)(2), the Court must review and screen the petition. During the screening process, I must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases.

Flores-Cruz is a Mexican national who has been present in the United States and living in Wisconsin since March 2022. (Hab. Pet., ¶ 1.) On May 14, 2026, Flores-Cruz was detained at his home and is now in custody at the Dodge County Jail. (*Id.*) The Department of Homeland Security issued a custody determination to continue his detention without the

opportunity to post bond. (*Id.* ¶ 49.) Flores-Cruz alleges his continued detention without bond is a violation of the Immigration and Nationality Act and due process. (*Id.* at 11–12.)

The Supreme Court has recognized § 2241 petitions as a forum for statutory and constitutional challenges to detention orders in immigration proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Flores-Cruz alleges he is being unlawfully detained in violation of immigration law and the Fifth Amendment. Flores-Cruz requests immediate release or to be granted an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). Based on his petition, I cannot conclude that Flores-Cruz is plainly not entitled to relief. Under § 2243:

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed. The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

28 U.S.C. § 2243.

Accordingly, Respondents are ordered to respond to the petition by **June 8, 2026**.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that the Clerk of Court shall promptly serve a copy of the petition and this Order upon Dale Schmidt, Sheriff, Dodge County Jail, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that the Clerk of Court shall promptly serve a copy of the petition and this Order upon Sam Olson, Field Office Director, Chicago Field Office, Immigration and Customs Enforcement, and the United States Attorney for the Eastern District of Wisconsin pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS ALSO ORDERED** that Respondents shall respond to the petition no later than **June 8, 2026**.

Flores-Cruz may file a reply no later than five (5) days of receiving Respondents' response.

Dated at Milwaukee, Wisconsin this 27th day of May, 2026.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge